IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WILLIAM BOBBY BROWN, : <br> RONALD MAYHEW, and : <br> CONNIE MAYHEW, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> BANK OF AMERICA, N.A. and : <br> WELLS FARGO BANK, N.A., : <br> : <br> Defendants. | CIVIL ACTION NO. <br> 2:12-CV-00132-RWS |

## **ORDER**

This case comes before the Court on the following motions: (i) Plaintiffs' Emergency Motion for Hearing and Injunction [4], and (ii) Defendants' Consolidated Motion to Dismiss [10]. After reviewing the record, the Court enters the following Order.

## **Background**

This case arises out of the purchase and foreclosure of Plaintiff William Bobby Brown's ("Brown") property, located at 165 Lick Log Road, Ellijay, Georgia 30540 ("Property"). Accepting the allegations in the Complaint and

AO 72A
(Rev.8/82)

the Amended Complaint (together the "Complaints") as true, as the Court must on a motion to dismiss,[1] the facts are as follows.[2]

Plaintiff Brown first acquired the Property on July 6, 1974. (Compl., Dkt. [1] ¶ 14(a).)  Brown conveyed the Property to Plaintiffs Ronald Mayhew and Connie Mayhew ("Mayhews") on August 4, 1989.  (Id. at  ¶ 14(b).)  Brown reacquired the property on December 29, 2003, when the Mayhews conveyed the Property to Brown by warranty deed.  (Id. at  ¶ 14(b).)  Also on December 29, 2003, Brown executed a security deed ("Security Deed") on the Property in favor of Defendant Bank of America, N.A. ("Bank of America") and entered into a loan agreement with Bank of America for the principal amount of $336,600.00, plus interest (the "Loan").  (Defendants' Memorandum of Law in Support of Defendants' Consolidated Motion to Dismiss ("Defs.' Mem."), Dkt. [10-1] at 4 (citing Compl., Dkt. [1] ¶ 16, 17).)  Brown used the Loan to purchase the Property from the Mayhews.  (Id.)

---

[1] Cooper v. Pate, 378 U.S. 546, 546 (1964).

[2] Where necessary for a more complete statement of the events giving rise to Plaintiffs' claims, the Court includes some facts from Defendants' briefs that Plaintiffs do not appear to dispute.

2

Sometime thereafter, but before July 2, 2009, Bank of America assigned the Security Deed to Wells Fargo. (Defs.' Mem., Dkt. [10-1] at 4.) A corrective assignment was recorded on June 12, 2012 to correct the assignee to "Wells Fargo Bank, N.A. as Trustee for Banc of America Alternative Loan Trust 2004-2 Mortgage Pass-Through Cert 2004-2" ("Wells"). (Id. at 4-5). According to Defendants, "[p]ursuant to Brown's default on his obligations owed under the Loan and Security Deed, and by reason of that default, Wells accelerated the debt owed and initiated non-judicial foreclosure proceedings against the Property in May 2012." (Id. at 5; see also Compl., Dkt. [1] ¶ 10; Am. Compl., Dkt. [6] ¶ 11.) Plaintiffs' default is uncontested. The foreclosure sale was scheduled for August 7, 2012. (Defs.' Mem., Dkt. [10-1] at 5.) It is unclear from the record whether the foreclosure sale has taken place as of the date of this Order.

Plaintiffs claim that the Loan and transfer of the Property were shrouded in fraud. Plaintiffs allege that Bank of America failed to disclose "the title defects of record in the [P]roperty," which occurred "as a result of a conspiracy" between Mr. Bob E. Thomas and United Community Bank (neither is named in this action). (Compl., Dkt. [1] ¶ 18.) Plaintiffs aver that these title

3

defects "existed and were outstanding" at the time the Loan was executed, and that Plaintiffs had no knowledge of the title defects. (Id. at ¶ 26.)

Plaintiffs assert that, as a result of the "title defects and the encumbrance on the property," Bank of America's claim to the Property is "defective." (Id. at ¶ 27.) Plaintiffs further allege that Bank of America now seeks to "profit from the fraud" by foreclosing on the Property and offering it for sale to another "unsuspecting" and "innocent" person. (Id. at ¶ 29-30.) Moreover, Plaintiffs allege that Bank of America seeks to foreclose on the Property in order to prevent "the[] deficiencies on the [P]roperty from ever coming out so that [Bank of America] can continue the illegal profiteering from this type of criminal activity." (Id. at ¶ 32.)

On June 4, 2012, Plaintiffs filed this action in the Northern District of Georgia, Gainesville Division. The Complaint names only "Bank America [sic]" as Defendant and contains a prayer for injunctive relief.[3] (Compl., Dkt. [1] ¶ 31-35.) On July 9, 2012, Plaintiffs filed their Amended Complaint, adding

---

[3] Plaintiffs seek a temporary restraining order, a preliminary injunction, and a permanent injunction. Injunctive relief is not a cause of action but a remedy. Alabama v. U.S. Army Corps of Engineers, 424 F.3d 1117, 1127 (11th Cir. 2005) ("any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action").

4

Wells Fargo Bank, N.A. as a Defendant and correcting the name of "Bank America" to "Bank of America, N.A." [6]. The Complaints do not identify enumerated counts or causes of action. However, the Court reads the Complaints to include claims for fraud, wrongful foreclosure, racketeering, and violation of the Fair Debt Collection Practices Act ("FDCPA").[4]

On July 9, 2012, Plaintiffs filed an Emergency Motion for Hearing and Injunction [4]. On July 26, 2012, Defendants moved to dismiss the Complaints under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim against them [10].[5] Plaintiffs have not responded to Defendants' motion. Therefore, the Court considers it as unopposed. See LR 7.1(B).

## Discussion

### I.  Legal Standard for a Motion to Dismiss

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to

---

[4] See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Plaintiffs state that the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, provides the basis for federal question jurisdiction under 28 U.S.C. § 1331.

[5] Defendants claim that Plaintiffs did not effectuate service of process on Bank of America, but do not move to dismiss under Rule 12(b)(5). (Defs.' Mem., Dkt. [10-1] at 2, 7.)

5

accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading

6

stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiffs are acting pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

**II. Defendants' Consolidated Motion to Dismiss [10]**

    A.    Fraud

First, Plaintiffs allege that Defendants failed to disclose "title defects of record in the [P]roperty." (Compl., Dkt. [1] ¶ 18). Plaintiffs allege further that Defendants seek to fraudulently profit from the foreclosure of the Property. (Id. at ¶ 29-30). Moreover, Plaintiffs allege that Defendants seek to "offer the property for sale to another unsuspecting buyer, this [sic] passing a fraudulent transfer on to another innocent person." (Id. at ¶ 29). Defendants seek to dismiss the fraud claim on grounds that: (1) Defendants owed Brown no

7

affirmative duty to verify the title's status because no confidential relationship existed between Bank of America and Brown; and (2) Plaintiffs fail to state a claim under the pleading standards established by Iqbal, Twombly, and Rule 8. (Defs.' Mem., Dkt. [10-1] at 13, 16-17.)

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff." Irving v. Bank of Am., 12-10712, 2012 WL 5869321 (11th Cir. Nov. 19, 2012) *(*quoting Baxter v. Fairfield Fin. Servs., Inc.*,* 704 S.E.2d 423, 429 (Ga. Ct. App. 2010)). Under Georgia law, "[a] party can be held liable for fraudulently concealing a material fact only if the party has a duty to disclose or communicate the fact." Baxter v. Fairfield Fin. Services, Inc., 704 S.E.2d 423, 429 (Ga. Ct. App. 2010) (quoting Lilliston v. Regions Bank, 653 S.E.2d 306, 310 (Ga. Ct. App. 2007)). In Georgia, "no fiduciary relationship exists merely because of two parties' relative relationships as lender and borrower." White v. Americas Servicing Co., 461 F. App'x 841, 843 (11th Cir. 2012) (citing Moore v. Bank of Fitzgerald, 483 S.E.2d 135, 139 (Ga. Ct. App. 1997)); see also Arp v. United Cmty. Bank, 612 S.E.2d

8

534, 538 (Ga. Ct. App. 2005) ("no confidential relationship between lender and borrower or mortgagee and mortgagor. . . .") (internal citation omitted).

Additionally, to prevail on a claim for fraud, the plaintiff must meet Rule 9(b)'s heightened pleading standard. A plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud." White v. Americas Servicing Co., 461 F. App'x 841, 843 (11th Cir. 2012) (internal citation omitted).

The Court agrees that Plaintiffs have not adequately pled a fraud claim against Defendants. The Complaints do not allege with particularity any materially false representations made by Defendants. Nor do Plaintiffs state how Defendants could be held liable for concealing material information, given the lack of a fiduciary relationship between the parties. Accordingly, Defendants' Motion to Dismiss Plaintiffs' claim for fraud is **GRANTED.**

9

B.     Wrongful Foreclosure

Second, Plaintiffs raise a claim for attempted wrongful foreclosure, alleging that "Bank America's [sic] claim to the [P]roperty is defective." (Compl., Dkt. [1] ¶ 27).  Defendants move to dismiss the claim on grounds that (1) Plaintiffs defaulted on their obligations under the Loan and Security Deed, and (2) the Security Deed provides Wells the right to foreclose on the Property. (Defs.' Mem., Dkt. [10-1] at 5, 20.)

The Court agrees that the Security Deed granted Wells the right to foreclose on the Property.  The Security Deed explicitly grants the lender and the lender's successors and assigns the right to "accelerate the debt" and "sell the premises by nonjudicial foreclosure upon default by Grantor."  (Defs.' Consolidated Mot. to Dismiss Ex. B, Dkt. [10-3] at 20.)  In 2009, Bank of America assigned the Security Deed to Wells Fargo.  (Defs.' Consolidated Mot. to Dismiss Ex. C, Dkt. [10-4].)  The validity of the assignment has not been questioned.  Further, Plaintiffs have not contested Defendants' assertion that Plaintiffs were in default.[6]  Thus, the record shows clearly that Defendant Wells

---

[6] Defendants note that the Security Deed gives Wells authority to foreclose (Defs. Mem., Dkt. [10-1] at 17), and that Plaintiffs "have not alleged tender of *any* amounts owed on the Loan and Security Deed to [Bank of America], Wells, or any

10

had the right to initiate foreclosure proceedings on the Property.  Accordingly, Defendants' Motion to Dismiss Plaintiffs' claim for wrongful foreclosure is **GRANTED.**

    C.    <u>Racketeering</u>

Third, Plaintiffs claim that Defendants are engaged in "illegal profiteering" and "criminal racketeering activities."  (Compl., Dkt. [1] ¶ 32). Plaintiffs allege that Bank of America "is trying to foreclose [sic] us . . . so that they can continue the illegal profiteering from this type of criminal activity,"and that foreclosure "will make Bank America [sic] party to the criminal racketeering activities divulged [in the Complaint]."  <u>Id.</u>  Defendants move to dismiss on grounds that Plaintiffs fail to set forth sufficient factual allegations to support a cause of action against Defendants.  (Defs.' Mem., Dkt. [10-1] at 12-13).

The Court agrees that Plaintiffs have failed to state a claim against Defendants for racketeering.  Rule 8 pleading requirements are intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

other entity." (<u>Id.</u> at 20 (emphasis in original).) Plaintiffs have not responded to Defendants' motion. Therefore, the Court considers these statements as unopposed.

11

rests." Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The Complaints do not meet this standard.  It is unclear from the Complaints which racketeering law Defendants have allegedly violated.  The Complaints allege no specific facts in support of a racketeering claim.  Rather, the Complaints tender only a "naked assertion" of racketeering, "devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Accordingly, Defendants' Motion to Dismiss Plaintiffs' claim for racketeering is **GRANTED.**

       D.     Fair Debt Collection Practices Act

Fourth, Plaintiffs allege that Defendants violated the FDCPA.  (Compl., Dkt. [1] ¶ 7; Am. Compl., Dkt. [6] ¶ 9.)  Defendants argue that Plaintiffs have failed to set forth sufficient facts to demonstrate a violation of the FDCPA. (Defs.' Mem., Dkt. [10-1] at 12 n.8.)  "In order to prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  Moore v. McCalla Raymer, LLC, No. 1:12-CV-1714, 2013 WL 28253 (N. D. Ga. Jan. 2, 2013) (Thrash, J., adopting report and

12

recommendation of King, Magistrate J.) (citing <u>Kaplan v. Assetcare, Inc.,</u> 88 F. Supp. 2d 1355, 1360-61 (S. D. Fla.2000)).

The Court agrees that Plaintiffs have failed to state a claim against Defendants for violations of the FDCPA. Rule 8 requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). The Complaints allege no specific facts that would give rise to a claim under the FDCPA. Accordingly, Defendants' Motion to Dismiss Plaintiff's claim for violations of the FDCPA is **GRANTED.**

E. <u>Injunctive Relief ("First Cause of Action")</u>

Finally, Plaintiffs in their sole enumerated "Cause of Action" seek (1) a Temporary Restraining Order and a preliminary injunction enjoining Bank of America from pursuing non-judicial foreclosure on the Property while this action is pending, and (2) a permanent injunction enjoining Defendants from foreclosing on the Property. (Compl., Dkt. [1] ¶ 33-35). Defendants move to dismiss this count on grounds that Plaintiffs fail to state a viable cause of action, and alternatively, that Plaintiffs must tender the amount owed on the Loan and Security Deed. (Defs.' Mem., Dkt. [10-1] at 18-19).

To obtain a preliminary injunction, a plaintiff must demonstrate, among other things, "a likelihood of success on the merits." Munaf v. Geren, 553 U.S. 674, 690 (2008) (quoting Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 428 (2006)).  The standard for a permanent injunction is "essentially the same as for a preliminary injunction except that the movant must show actual success on the merits instead of a likelihood of success on the merits." St. James Entm't LLC v. Crofts, 837 F. Supp. 2d 1283, 1292-93 (N.D. Ga. 2011) (citing Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir.2000)).

The Court found in Parts II(A)-(D), supra, that Plaintiffs failed to state a substantive claim against Defendants upon which relief may be granted. Further, Plaintiffs do not allege that they are current on their loan payments. Thus, because Plaintiffs fail to show a likelihood of success or actual success on the merits, and because Wells may rightfully foreclose (see discussion supra Part II(B)), Defendants' Motion to Dismiss Plaintiff's First Cause of Action (injunctive relief) is **GRANTED.**

In sum, the Complaints fail to state a claim against Defendants Bank of America and Wells.  Accordingly, Defendants' Consolidated Motion to Dismiss [10] is **GRANTED** with regard to all claims.

14

AO 72A
(Rev.8/82)

### III.   Plaintiffs' Emergency Motion for Hearing and Inju[n]ction [4]

As a final matter, Plaintiffs move the Court to enjoin Defendants from foreclosing on the Property "while this action is pending." (Pls.' Emergency Mot. For Hr'g & Inj., Dkt. [4] ¶ 18(1).)  Again, because Plaintiffs have failed to state any viable claim for relief in either the original Complaint [1] or Amended Complaint [6], they are unable to show a substantial likelihood of success on the merits.  See discussion supra Part II(E).  Thus, Plaintiffs' Emergency Motion for Hearing and Injunction [4] is **DENIED.**

### Conclusion

In accordance with the foregoing, the Court finds the following: Plaintiffs' Emergency Motion for Hearing and Injunction **[4]** is **DENIED** and Defendants' Consolidated Motion to Dismiss **[10]** is **GRANTED.**  The Clerk is directed to close the case.

**SO ORDERED**, this   19th   day of February, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

15